DARIN D. SMITH
United States Attorney
JEREMY A. GROSS (WY Bar #7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
Telephone: (307) 772-2124
jeremy.gross@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 APR -8 PM 2: 36

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 26-CV-130-SAH |
| | ) | |
| RYAN T. WALN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America brings this civil action against Defendant Ryan T. Waln to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Defendant Waln's receipt of unemployment insurance benefits from the United States Railroad Retirement Board, to which he was not entitled.

### JURISDICTION AND VENUE

1.    This action arises under the FCA, and the common law.

2.    The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff. The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

3.    The Court has personal jurisdiction over Defendant under 31 U.S.C. § 3732(a) because Defendant can be found, resides, or transacts business in this District, or has committed

the alleged acts in this District.

4.      Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) as Defendant can be found in this District or the subject transactions took place in the District of Wyoming.

## PARTIES

5.      Plaintiff is the United States of America and its agency, the U.S. Railroad Retirement Board ("RRB").

6.      Defendant Ryan T. Waln is a resident of Laramie County, Wyoming.

## STATEMENT OF FACTS

7.      The Railroad Unemployment Insurance Act, as amended (45 U.S.C. § 351 et. seq.), provides benefits for unemployed railroad workers and is administered by the RRB.

8.      Unemployment benefits are paid to unemployed railroad workers who are ready, willing, and able to work on each claimed day of unemployment.

9.      An unemployed railroad worker can claim a maximum of ten days of unemployment during any fourteen-day period.

10.     Generally, an unemployed railroad worker cannot claim benefits for any date that the claimant worked, accrued, or received compensation from any employer, including non-railroad employers. Compensation includes wages, vacation pay, pay for lost time or time off, and any other type of remuneration.

11.     Claimants of the railroad unemployment insurance program must report other work and payments they receive to the agency during their period of unemployment.

12.     When a person enrolls in the unemployment program, they are given an information booklet (UB-10), which explains their rights and duties under the program including the duty to

report all other work and payments.

13.    Under the Coronavirus Aid, Relief, and Economic Security Act, or CARES Act, the unemployment insurance program was extended to provide additional benefits for railroad workers sidelined during the COVID-19 pandemic.

14.    Defendant Waln is a former employee of the Union Pacific Railroad.

15.    Defendant Waln's last day of employment with the Union Pacific Railroad was on or about July 31, 2019.

16.    As a former railroad employee, Waln was entitled to apply for certain benefits, including U.S. RRB unemployment insurance benefits.

17.    Beginning in January of 2020, Waln did apply for railroad unemployment insurance benefits.

18.    In total, Waln made at least fourteen separate claims for unemployment insurance between January and August of 2020.

19.    Waln made these claims for unemployment insurance even though he was also working for Crazy Horse Excavation and Services, LLC during the covered period.

20.    Waln worked for Crazy Horse from at least January 20, 2020, through October 31, 2020.

21.    Waln only disclosed work for Crazy Horse to the RRB for two to three days out of this total period.

22.    Waln otherwise did not disclose his work for Crazy Horse to the RRB.

23.    In total, Waln claimed $17,426.23 in unemployment insurance benefits, including expanded CARES Act benefits, that he was not entitled to.

## COUNT I

**False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**
**Presenting or Causing False Claims to Be Presented for Payment**

24.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25.     Defendant Waln knowingly requested and obtained unemployment insurance benefits from the RRB, which he was not entitled to, in violation of statute and rule.

26.     Defendant Waln knowingly failed to disclose his work for Crazy Horse Excavation during the period of claimed unemployment.

27.     By virtue of these false claims and omissions, the United States was damaged for the full amount of the unemployment insurance benefits, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT II
### Unjust Enrichment

28.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

29.     This is a claim for the recovery of monies by which Defendant Waln has been unjustly enriched.

30.     By obtaining from the United States, funds to which he was not entitled, Defendant Waln was unjustly enriched, and the United States is entitled to damages in an amount of $17,426.23 plus interest, together with any other damages to be determined at trial.

## COUNT III
### Payment by Mistake

31.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32.     This is a claim for the recovery of monies the United States paid directly or indirectly to Defendant Waln as a result of mistaken understandings of fact.

33.     The United States' mistaken understandings of fact were material to its decision to provide Waln with unemployment insurance benefits, which facts were provided by Defendant

Waln.

34.    The United States, acting in reasonable reliance on the truthfulness of the statements contained in the unemployment insurance applications, approved the payment to Defendant Waln to which he was not entitled.

35.    Thus, the United States is entitled to recoup the amount of the unemployment insurance benefits plus any other amounts to be determined at trial.

## PRAYER FOR RELIEF AND JURY DEMAND

The United States requests that the Court enter judgment against Defendant Waln and grant the following relief:

(a) On Count I, awarding the United States treble the damages it sustained for (1) the $17,426.23 unemployment insurance benefits plus one percent interest applied from the date of the payment (2) the maximum civil penalties allowed by law;

(b) On Count II (Unjust Enrichment), awarding the United States the amount by which Defendant Waln was unjustly enriched;

(c) On Count II (Payment by Mistake), awarding the United States the amount mistakenly paid to Defendant Waln;

(d) awarding the United States pre- and post-judgment interest, costs, and filing fees; and

(e) granting such other relief as the Court may deem just and proper.

The United States further demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted this 8th day of April 2026.

Darin D. Smith
United States Attorney

By: _____

Jeremy A. Gross (WY Bar # 7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
T: 307-772-2124
E: Jeremy.gross@usdoj.gov